IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PITTSBURGH

| | | |
|---|---|---|
| KWAME T. EDDINGS, | ) | |
| | ) | |
| | ) | 2:21-CV-00999-CRE |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSH SHAPIRO, ATTORNEY GENERAL | ) | |
| OF PENNSYLVANIA; RICHARD BOWER, | ) | |
| FAYETTE COUNTY DISTRICT | ) | |
| ATTORNEY; AND SEAN M. SAMSA, | ) | |
| PENNSYLVANIA STATE TROOPER; | ) | |
| | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM OPINION[1]**

Cynthia Reed Eddy, Chief United States Magistrate Judge.

This civil action was initiated in this court on July 28, 2021, by *pro se* Plaintiff Kwame

Eddings. (ECF No. 1). In the Amended Complaint, Plaintiff asserts causes of action pursuant to

the Fourth and Fourteenth Amendments against Defendants Pennsylvania Attorney General Josh

Shapiro, Fayette County District Attorney Richard Bower, and Pennsylvania State Police Officer

Sean M. Samsa. *See* Amend. Compl. (ECF No. 27-1). This court has subject matter jurisdiction

over the controversy pursuant to 28 U.S.C. § 1331.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented
to have a United States Magistrate Judge conduct proceedings in this case, including trial and the
entry of a final judgment.  (ECF Nos. 15, 16, 36, 45).

Presently before the court are motions by Defendants to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF Nos. 29, 31, 38).   For the reasons that follow, Defendants' motions are granted.

## I.       BACKGROUND

The facts giving rise to the instant matter are detailed in Plaintiff's criminal case, which is docketed at 2:21-cr-00141-CCW ("Criminal Case").[2]  "On March 16, 2021, a search warrant was issued by Judge Leskinen of the Court of Common Pleas for Fayette County, Pennsylvania, authorizing the search of the residence located at 327 Shelton Avenue, in Brownsville, PA." Affidavit in Criminal Case (ECF No.1-1) at ¶ 6.   "The warrant was based in large part on the successful purchase of crack cocaine from" Plaintiff. *Id*.  Pennsylvania State Police executed that search warrant on March 17, 2021. *Id*. at ¶ 8.  At that time, Plaintiff was present at the residence. *Id*.  The search uncovered crack cocaine, drug paraphernalia, a large sum of cash, and cell phones. *Id*. at ¶ 9.  At the time this search warrant was executed, Plaintiff was serving a term of Federal Supervised Release for a prior federal drug conviction. *Id*. at ¶ 7.   Plaintiff was arrested by Defendant Samsa, and then detained at the Fayette County Jail.  On the same day, Magistrate Judge Lisa Pupo Lenihan issued an arrest warrant for Plaintiff, and Plaintiff appeared before her for an initial appearance the same day.  Criminal Case (ECF Nos. 4, 9).

On July 28, 2021, Plaintiff initiated the instant civil action by filing a motion for leave to proceed *in forma pauperis*. (ECF No. 1). According to Plaintiff, his civil rights were violated when he was arrested by Defendant Samsa, who "never filed a criminal complaint against [Plaintiff] pressing charges for violating PA Law." Complaint (ECF No. 6) at 12.  Similarly, Plaintiff

---

[2] "Courts in the Third Circuit have held that a court may take judicial notice of dockets or other court opinions at the motion to dismiss stage." *Hadesty v. Rush Twp. Police Dep't*, 2016 WL 1039063, at *5 (M.D. Pa. Mar. 15, 2016).

complained his rights were also violated because Samsa did not have an arrest warrant at the time of the arrest. *Id*. at 14.   Further, Plaintiff contended that Samsa and Bower "circumvented Pennsylvania judicial procedure" by not filing charges in the Court of Common Pleas, and instead sent the case to be heard at the District Court. *Id*. at 18.   Plaintiff claims Defendant Bower, the Fayette County District Attorney, knew of and approved of these unlawful actions. *Id*. at 23. Further, Plaintiff claimed that Bower's actions were approved by his superior, the Attorney General of Pennsylvania, Defendant Josh Shapiro.

In November 2021, Defendants Bower and Samsa filed motions to dismiss the Complaint. (ECF Nos. 17, 20).   In lieu of a responsive brief,  on January 3, 2022, Plaintiff filed an Amended Complaint. (ECF No. 25).   On January 6, 2022, Plaintiff filed a motion to amend the Amended Complaint, which this Court granted, and the Amended Complaint was deemed to be the Complaint in this case. (ECF Nos. 27, 28, 27-1).   While the Amended Complaint is noticeably shorter than the Complaint, and lacks the details set forth in the Complaint, it appears to be raising the same issues.   Specifically, Plaintiff claims that Defendants violated his rights pursuant to the Fourteenth Amendment Due Process Clause, Fourteenth Amendment Equal Protection Clause, and Fourth Amendment for illegal search and seizure based upon the events arising out of March 17, 2021. Amended Compl. (ECF No. 27-1) at 3, 5.   Meanwhile, on December 6, 2021, Plaintiff entered a guilty plea in the Criminal Case. Criminal Case (ECF No. 87).

On January 25, 2022, Defendants Bower and Samsa filed motions to dismiss and briefs in support thereof. (ECF Nos. 29-32).   On February 17, 2022, Plaintiff filed what he called "Amended and Supplemental Pleadings Motion and Response." (ECF No. 35).    On March 21, Defendant Bower submitted a Reply. (ECF No. 37). On April 20, 2022, Defendant Shapiro filed a motion to dismiss and brief in support thereof.  (ECF Nos. 38-39).  On April 26, 2022, Plaintiff was sentenced

to 57 months of incarceration. Criminal Case. (ECF No. 113).  Plaintiff has filed a notice of appeal

in the Criminal Case. On May 31, 2022, Plaintiff filed a response. (ECF No. 44).  These three

motions to dismiss are now ripe for disposition.

## II.    STANDARD OF REVIEW

The applicable inquiry under Federal Rule of Civil Procedure 12(b)(6) is well-settled.

Under Federal Rule of Civil Procedure 8, a complaint must contain a "short and plain statement of

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 12(b)(6)

provides that a complaint may be dismissed for "failure to state a claim upon which relief can be

granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)).  A complaint that merely alleges entitlement to relief, without alleging facts that show

entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls

for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the

necessary elements." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting

*Twombly*, 550 U.S. at 556).   Nevertheless, the court need not accept as true "unsupported

conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d

173, 183-84 (3d Cir. 2000), or the plaintiff's "bald assertions" or "legal conclusions." *Morse v.

Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997).

Although a complaint does not need to allege detailed factual allegations to survive a Rule

12(b)(6) motion, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S.

at 555.  A "formulaic recitation of the elements of a cause of action will not do." *Id*. (citing *Papasan

*v. Allain*, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to raise a right to relief above the speculative level" and be "sufficient to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 555.  Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. [] Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, the court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The court does not consider whether a plaintiff will ultimately prevail. *Id*.  A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted).  In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a

cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

Finally, "when a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Third Circuit has a liberal policy favoring amendments." *Ricoh USA, Inc. v. Bailon*, 419 F. Supp. 3d 871, 875 (E.D. Pa. 2019). "Leave to amend must generally be granted unless equitable considerations render it otherwise unjust. Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (internal citations omitted).

## III.   DISCUSSION

As discussed *supra*, because Plaintiff is proceeding *pro se*, this Court will view the facts, complaints, and briefs as expansively as possible in assessing the claims presented by Plaintiff against Defendants.  Plaintiff sets forth a series of claims, all of which implicate allegedly unlawful acts that led to his guilty plea in the Criminal Case.  Plaintiff contends that Defendants violated his constitutional rights "by not filing a criminal complaint" and "an arrest warrant" Amend. Comp. (ECF No. 27-1) at 4-5.   Plaintiff further contends that Defendant Samsa violated Plaintiff's constitutional rights by "not affording him a preliminary arraignment." *Id*.  Additionally, Plaintiff contends that Defendant Bower violated Plaintiff's constitutional rights by detaining him.[3] *Id*. Essentially, it appears that Plaintiff is challenging the issuing of the search warrant, his arrest and all procedures utilized in subsequent proceedings following the execution of that search warrant. Among other things, Plaintiff appears to believe the District Court lacked jurisdiction over him

---

[3] To the extent Plaintiff is asserting these claims pursuant to the Fourteenth Amendment, this Court will consider them under the Fourth Amendment.  *See* Pl.'s Br. (ECF No. 35) at 5. It is well-settled that "all claims of unlawful arrest and pretrial detention occurring before a detainee's initial appearance fall under the Fourth Amendment." *DeLade v. Cargan*, 972 F.3d 207, 213 (3d Cir. 2020).

because he was arrested pursuant to a state court search warrant.  It is Plaintiff's position that all

of these actions were unlawful and he is entitled to relief. Pl.'s Br. (ECF No. 35) at 5.

> In *Heck*[ *v. Humphrey*, 512 U.S. 477 (1994)], the United States Supreme
> Court held that:
>
> > [I]n order to recover damages for allegedly unconstitutional
> > conviction or imprisonment, or for other harm caused by actions
> > whose unlawfulness would render a conviction or sentence invalid,
> > a § 1983 plaintiff must prove that the conviction or sentence has
> > been reversed on direct appeal, expunged by executive order,
> > declared invalid by a state tribunal authorized to make such
> > determination, or called into question by a federal court's issuance
> > of a writ of habeas corpus.... A claim for damages bearing that
> > relationship to a conviction or sentence that has not been so
> > invalidated is not cognizable under § 1983. Thus, when a state
> > prisoner seeks damages in a § 1983 suit, the district court must
> > consider whether a judgment in favor of the plaintiff would
> > necessarily imply the invalidity of his conviction or sentence; if it
> > would, the complaint must be dismissed unless the plaintiff can
> > demonstrate that the conviction or sentence has already been
> > invalidated. But if the district court determines that the plaintiff's
> > action, even if successful, will not demonstrate the invalidity of any
> > outstanding criminal judgment against the plaintiff, the action
> > should be allowed to proceed, in the absence of some other bar to
> > the suit.
>
> 512 U.S. at 486-87. While *Heck*, itself, involved a malicious prosecution claim,
> courts have held that *Heck* "may also serve as a bar to § 1983 false arrest and false
> imprisonment claims when the plaintiff has been convicted." *Curry v. Yachera*, No.
> CIV.A. 14-5253, 2015 WL 1186014, at *6 n.15 (E.D. Pa. Mar. 13, 2015) (collecting
> cases).

*Fields v. City of Pittsburgh*, 2016 WL 7324594, at *4 (W.D. Pa. Dec. 16, 2016), aff'd, 714 F.

App'x 137 (3d Cir. 2017).

Here, Plaintiff pleaded guilty and was sentenced on the charges for which he was arrested

on March 17, 2021.  In this action, all of Plaintiff's claims against Defendants implicate those

charges.  Specifically, Plaintiff asserts that the search warrant was issued improperly, his arrest

was unlawful, his detention was unlawful, and his prosecution in the District Court should never have occurred.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995). Thus, in order for Plaintiff to prevail on claims for false arrest and false imprisonment, he must demonstrate that Defendant Samsa lacked probable cause. "As applied here, [Plaintiff's] success on his false arrest claim depends on a finding that the [Defendant Samsa] lacked probable cause to arrest him, which would directly 'impugn[ ] the validity' of his resulting guilty plea. Because his guilty plea has not been invalidated, *Heck* bars [Plaintiff's] false arrest claim."[4] *Fields,* 714 F. App'x at 140-41.

Here, Plaintiff has appealed that conviction, but the appellate court has not overturned it. This Court recognizes that Plaintiff is challenging the procedure used to transfer his case from the Court of Common Pleas to District Court. However, a challenge to jurisdiction, as well as the validity of the search warrant and procedure for Plaintiff's arrest and detention, could have and should have been brought in conjunction with the Criminal Case, where he entered a guilty plea. Accordingly, Plaintiff's case is dismissed without prejudice so that Plaintiff may reassert his claims should his conviction be overturned. *See Jones v. Shelly*, 2020 WL 374465, at *3 (E.D. Pa. Jan. 23, 2020) ("*Heck* bars Jones's claim since he was convicted of the charges stemming from the allegedly illegal search and arrest, that conviction has not been overturned, and his success on the

---

[4] As discussed *supra*, the false imprisonment claim is barred for the same reason.

claim would render that conviction invalid. Accordingly, the illegal search claim is dismissed without prejudice and with leave for Jones to reassert the claim if his conviction is ever overturned or otherwise invalidated.").

IV.     **CONCLUSION**

Based on the foregoing, Defendants' motions to dismiss are granted, and Plaintiff's case is dismissed without prejudice.   An appropriate Order follows.


Dated: June 8, 2022                    .                              BY THE COURT:

s/ Cynthia Reed Eddy
Chief United States Magistrate Judge




cc:     KWAME T. EDDINGS
        06273068
        NEOCC
        2240 HUBBARD ROAD
        YOUNGSTOWN, OH 44505

        *via U.S. Mail*

        Counsel of record

        *via electronic filing*